UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MORRIS,                                        Case No. 15-cv-13099

          Plaintiff,                              Terrence G. Berg
v.                                                 United States District Judge

STATE OF MICHIGAN, *et al*,                        Stephanie Dawkins Davis
                                                   United States Magistrate Judge
       Defendants.
_____/

**REPORT AND RECOMMENDATION RE:**
**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS**
**DEFENDANT STATE OF MICHIGAN (DKT. 13)**
**AND DEFENDANT STATE OF MICHIGAN'S**
**MOTION FOR SUMMARY JUDGMENT (DKT. 10)**

## I.     PROCEDURAL HISTORY

This is a prisoner civil rights action filed on August 27, 2015.  (Dkt. 1).

This case was referred to Magistrate Judge Stephanie Dawkins Davis for all

pretrial purposes. (Dkt. 6).

Defendant State of Michigan ("defendant state") filed a Motion for

Summary Judgment on August 1, 2016.  (Dkt. 10).  In lieu of a response, plaintiff

filed a motion to voluntarily dismiss defendant state, acknowledging that

immunity under the Eleventh Amendment precludes his claims against defendant

state. (Dkt. 13).  Defendant state filed a response to plaintiff's motion in which it

agrees with plaintiff that it is not an appropriate defendant under 42 U.S.C. §1983 and that it is immune from plaintiff's claims under the Eleventh Amendment, but that the relief sought by plaintiff is not sufficient. (Dkt. 16).

For the reasons that follow, the undersigned **RECOMMENDS** that plaintiff's motion to dismiss (Dkt. 13) be **GRANTED**, that defendant state be **DISMISSED**, and that defendant state's motion for summary judgment (Dkt. 10) be **DENIED AS MOOT.**

## II.    PARTIES' ARGUMENTS

Plaintiff acknowledges that defendant state is subject to dismissal from this action because it is not an appropriate defendant under 42 U.S.C. §1983 and it is entitled sovereign immunity to his claims under the Eleventh Amendment.  (Dkt. 13).

Defendant state agrees with plaintiff on this point, but argues that its dismissal from the case is insufficient relief because it does not provide finality and urges the court to dismiss the entire case against all defendants based on the other grounds raised in its motion for summary judgment.  (Dkt. 16).

## III.   LEGAL ANALYSIS AND CONCLUSIONS

Plaintiff asks the court to voluntarily dismiss defendant state.  (Dkt. 13). Though plaintiff does not cite a specific rule on which he relies for the requested relief, the Court will evaluate the motion under Fed. R. Civ. P. 41(a)(2), which

provides in pertinent part:

> ***By Court Order; Effect***.  Except as provided in Rule
> 41(a)(1), an action may be dismissed at the plaintiff's
> request only by court order, on terms that the court
> considers proper.... Unless the order states otherwise, a
> dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) is "a discretional procedural rule that

explicitly allows a district court to impose terms and conditions upon a voluntary

dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-MCA Music

Publ.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting Fed. R. Civ. P. 41(a)(2)).  In the

exercise of its discretionary authority under Rule 41(a)(2), "the district court must

provide some indication as to why it exercised its discretion as it did." *Bridgeport

Music*, 481 F.3d at 931.

It is generally held that a district court will grant a motion for voluntary

dismissal unless a defendant can show that it will suffer some "plain legal

prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir.

1987).  The prospect of facing a second legal proceeding is not sufficient to result

in "plain legal prejudice" and is therefore insufficient on its own to defeat a

motion for voluntary dismissal.  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716,

718 (6th Cir. 1994).  Likewise, the fact that the moving party may gain some

tactical advantage in a future lawsuit is not sufficient to show plain legal

prejudice.  *See Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).  In the

instant case, defendant state's articulated concerns over lack of finality do not demonstrate prejudice.  Consequently, prejudice is not an impediment to granting voluntary dismissal here.

Moreover, the Sixth Circuit recently made clear that the Eleventh Amendment operates as a jurisdictional bar. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("[W]e hold that rather than an affirmative defense, the Eleventh Amendment is a true jurisdictional bar that courts can—but are not required to—raise sua sponte at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits.").  Because defendant state also raised Eleventh Amendment immunity as grounds for the dismissal of plaintiff's case against it, this case would be decided on this basis even absent plaintiff's motion for voluntary dismissal.  Notwithstanding the position defendant now takes in opposition to plaintiff's motion for voluntary dismissal, i.e., that the Court should dismiss plaintiff's claims on the merits and thus with prejudice, "dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice." *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014)(citing *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir.2005)). Because the relief requested by plaintiff in his motion for voluntary dismissal is identical to the relief to which defendant would be entitled if it prevailed on its pending motion for summary judgment, logic, practicality and judicial economy

dictate that the relief be granted.

## IV.   RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion to dismiss (Dkt. 13) be **GRANTED.**

The undersigned also **RECOMMENDS** that defendant state's motion for summary judgment (Dkt. 10) be **DENIED AS MOOT**.

The undersigned further **RECOMMENDS** that defendant State of Michigan be **DISMISSED WITHOUT PREJUDICE.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 8, 2016                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I certify that I have mailed the foregoing paper by United States Postal Service to the following non-ECF participant: Gary Morris, #244534, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov