UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY MORRIS, | Case No. 15-13099 |
| Plaintiff, | Terrence G. Berg |
| v. | United States District Judge |
| STATE OF MICHIGAN, *et al*, | Stephanie Dawkins Davis |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
DEFENDANTS' MOTIONS FOR JUDGMENT ON
THE PLEADINGS (DKT. 17, 25) AND PLAINTIFF'S
MOTION TO DROP AND ADD PARTIES (DKT. 26)**

**I.    PROCEDURAL HISTORY**

Plaintiff is a *pro se* prisoner seeking redress for the loss of certain real property in Rose Township/Holly, Oakland County, Michigan ("Rose Township Property") with this action initially filed on August 27, 2015. (Dkt. 1). The case was referred to the undersigned for all pretrial purposes. (Dkt. 6).

Defendants C. Hugh Dohany and Andrew Meisner, Oakland County former and current treasurers ("Oakland County defendants") filed a motion for judgment on the pleadings. (Dkt. 17). Defendant Susan Slaughter filed a motion to dismiss or for summary judgment and concurred in the Oakland County defendants' motion. (Dkt. 25). Plaintiff filed a response to the Oakland County defendants'

1

motion (Dkt. 27) and also filed a motion to drop and add parties wherein he seeks to dismiss defendant Slaughter from the suit and add Oakland County and Carol Laughlin as defendants. (Dkt. 26). Oakland County defendants and defendant Slaughter each filed responses to plaintiff's motion. (Dkt. 28, 31).

For the reasons that follow, the undersigned **RECOMMENDS** that defendants' motions (Dkt. 17, 25) be **GRANTED**, that plaintiff's complaint be **DISMISSED**, and that plaintiff's motion to drop and add parties (Dkt. 26) be **DENIED AS MOOT**.

## II.     FACTUAL BACKGROUND

In his complaint, plaintiff claims that he is the owner of the Rose Township Property located at 4336 Cogshall, Holly, Michigan, having obtained his ownership interest in 1982. (Dkt. 1, ¶8). The property taxes for the Rose Township property fell delinquent at some point, and the property was subject to a tax sale on November 19, 1993. According to plaintiff, he redeemed the property ahead of the sale, but the sale went forward anyway. Following the sale, the Rose Township Property was erroneously deeded to Howard and Carol Laughlin. (*Id.* at ¶ 9-12). Plaintiff avers that he notified the Laughlins through their attorney of the mistaken recording of the deed to the Laughlins in 1994, and from that point forward the defendants accepted his property tax payments for the property and otherwise corresponded with him as the owner of the Rose Township Property.

Furthermore, he maintained the property, lived on it, monitored it and rented it out over the next 22 years. (*Id*. at ¶17-25). Nevertheless, years later, Carol Laughlin sought to assert her ownership right to the Rose Township Property. (*Id*. at ¶26). The matter was taken up in state court, and plaintiff failed to prevail with respect to his claim of an ownership interest, but was awarded a sum of money for unjust enrichment based on the taxes which he had paid on the property. (*Id.* at ¶31)

### III.  PARTIES' ARGUMENTS

Plaintiff alleges that the defendants have denied him due process and committed fraud resulting in his loss of the Rose Township Property. The Oakland County defendants argue that both plaintiff's due process and fraud claims are barred by the respective applicable statutes of limitations. (Dkt. 17). In the alternative, they argue that plaintiff failed to state a claim upon which relief may be granted against the defendants in their individual capacities because he does not allege any personal involvement by the defendants. (*Id*.) They argue that plaintiff also failed to state a valid claim against them in their official capacities because he did not allege that his rights were violated pursuant to an official policy, practice or custom. (*Id*.) Finally, the Oakland County defendants argue that plaintiff's fraud claim is barred by governmental immunity. (*Id*.)

Defendant Slaughter joins and concurs in Oakland County defendants' motion. (Dkt. 25). She also argues that plaintiff's claims are barred under the

*Rooker-Feldman* doctrine, and that she is entitled to judgment as a matter of law because, as the former treasurer for Rose Township, she had no authority or involvement in the transfer of the Rose Township Property. (*Id*.)

Plaintiff acknowledges that defendant Slaughter had no involvement in the contested transfer of the Rose Township Property. (Dkt. 26). Plaintiff argues that the defendants' collective statute of limitations defense is not applicable because defendants have unclean hands. (Dkt. 27). He also argues that defendants' *de facto* sale of the Rose Township Property was void *ab initio*, or voidable as a matter of law and thus not subject to a statute of limitations. (*Id*.) Plaintiff does not address the Oakland County defendants' arguments regarding his failure to state a valid claim against them in either their individual or official capacities. Nor does he address their assertion of governmental immunity from liability for fraud. (*Id*.)

Plaintiff seeks to add Oakland County and Carol Laughlin as party defendants to this action, but has not sought leave to amend his complaint, nor submitted a proposed amended complaint. (Dkt. 26). The Oakland County defendants argue that plaintiff's attempt to add Oakland County as a defendant is moot because plaintiff has already named the Oakland County defendants in their official capacity. (Dkt. 32).

4

## IV. LEGAL ANALYSIS AND CONCLUSIONS

### A. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Motions for judgment on the pleadings are reviewed under the same standard used for reviewing a motion under Fed. R. Civ. P. 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). The Court must construe the complaint in the light most favorable to the non-moving party, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Id*. A motion to dismiss on statute of limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). A court considering a 12(b)(6) motion may consider materials in addition to the complaint if such are public records or otherwise appropriate for the taking of judicial notice. *Rodney v. LaHood*, 359 Fed. Appx. 634, 637 (6th Cir. 2010).

### B. Plaintiff's Claims Are Barred by Statutes of Limitations

#### 1. Section 1983 Claims

Although Congress has not enacted a specific statute of limitations period

for § 1983 actions, courts characterize § 1983 claims as personal injury actions and impose the applicable state statutes of limitations. *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 180 (6th Cir. 1990) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)); *see also Singleton v. Kentucky*, 176 F. Supp. 3d 704, 714 (E.D. Ky. 2016), *rev'd and remanded on other grounds*, 843 F.3d 238 (6th Cir. 2016). In the instant case, since the cause of action arose in Michigan, the applicable statute of limitations is Michigan's three year statute of limitations for personal injury claims. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988); Mich. Comp. Laws § 600.5805(8). Although state law dictates which statute of limitations applies, the court must look to federal law to establish when the statute of limitations accrues. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). In *Sevier*, the Sixth Circuit held that the statute of limitations accrues when the plaintiff knows or has reason to know of the injury that forms the basis for his action. *Id.* Expounding on that formulation, the court opined that a plaintiff has reason to know of an injury when "he should have discovered it through the exercise of reasonable diligence." *Id.* at 273.

As defendants accurately note, plaintiff's complaint unambiguously reveals that plaintiff knew of his injury in 1994, when he learned of the tax deed issued to the Laughlins. (Dkt. 1, ¶¶ 13-15, 63). Consequently, the limitations period accrued at that time, and expired after the passage of three years thence.

6

Accordingly, the statute of limitations on plaintiff's claims under 42 U.S.C. § 1983 expired roughly twenty years ago; these claims are time-barred and should be dismissed.

    2.    Fraud Claims

Plaintiff's remaining allegations assert state law fraud claims. (Dkt. 1, ¶¶ 69-72). The statute of limitations applicable to an action for fraud in Michigan is six years. Mich. Comp. Laws § 600.5813; *Kuebler v. Equitable Life Ass. Soc'y of the United States*, 219 Mich. App. 1, 6 (1996); *see also Sweet v. Shreve*, 262 Mich. 432 (1933). As previously noted, plaintiff was aware of the facts that he now claims constitute fraud as early as 1994. Indeed, he communicated with Carol Laughlin concerning the legitimacy (or lack thereof) of the tax deed issued to her by the county in 1994. (Dkt. 1, ¶¶ 13, 14, 63). Plaintiff's fraud claims are thus also barred by the statute of limitations and must be dismissed.

Because this matter is being recommended for dismissal based on expired statutes of limitations, and in the interests of judicial economy, the undersigned declines to address defendants' arguments for dismissal on other grounds.

    C.    <u>Plaintiff's Motion to Drop and Add Parties</u>

Based on the undersigned's recommendation to grant defendants' earlier-filed dispositive motions and to dismiss plaintiff's complaint in its entirety, plaintiff's motion to drop and add parties is moot.

## V. RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions to dismiss (Dkt. 17, 25) be **GRANTED**, and plaintiff's complaint (Dkt. 1) be **DISMISSED**. The undersigned also **RECOMMENDS** that plaintiff's motion to drop and add parties (Dkt. 26) be **DENIED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 14, 2017

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that on August 14, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I certify that I have mailed the foregoing paper by United States Postal Service to the following non-ECF participant: Gary Morris, #244534, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov