UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MORRIS,

      Plaintiff,

v.                                Case No. 15-13099

STATE OF MICHIGAN, *et al.,*     HON. TERRENCE G. BERG
                                            HON. STEPHANIE DAWKINS DAVIS

      Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT
AND RECOMMENDATION (DKT. 34) AND
<u>DISMISSING CASE WITH PREJUDICE</u>**

In this case, Plaintiff Gary Morris seeks redress for the loss of real property commonly known as 4336 Cogshall St., Holly, Michigan 48842 (the "Property"), which is in Oakland County. Defendants C. Hugh Dohany and Andrew Meisner are the former and current Oakland County Treasurers (Dohany is now deceased). Defendant Susan Slater is the former Treasurer of Rose Township, the municipality where the Property is located. The events that gave rise to Plaintiff's Complaint began with a tax foreclosure sale that occurred on November 19, 1993. Plaintiff admits that he fell behind on his property tax payments that year. However, according to Plaintiff, he redeemed the Property by paying the overdue balance shortly before the tax foreclosure sale, but the sale went forward anyway. Following the sale, the Property was erroneously deeded by Defendants to non-parties Howard and Carol Laughlin[1] (*Id.* at

---

[1] Plaintiff's motion to "drop and add parties" (Dkt. 26) requests that the Court dismiss Defendant Slaughter, and add Carol Laughlin and Oakland County as defendants. Plaintiff has not, however, moved for leave to file an amended complaint and has not filed any proposed amended complaint. The Court also notes that Plaintiff previously sued Carol Laughlin in the Oakland County Circuit Court

¶ 9-12). Defendants apparently corrected this error by issuing a new deed to Patrick Morris (Plaintiff's brother), who made the November 1993 redemption payment on Plaintiff's behalf (Dkt. 17, Ex. 4, Pg ID 286). Unfortunately, for reasons that are unclear, Plaintiff never properly recorded the deed that was issued to Patrick Morris with the Oakland County Register of Deeds,[2] nor did he take any action at the time to quiet title at that time. Plaintiff was aware of the fact that the Property had been erroneously deeded to the Laughlins, and had his attorney write to them to say that their deed was invalid (Dkt. 17-6, Exh. 5, Pg ID 288). But he never took any action to record the deed to Patrick Morris or otherwise secure his interest in the property. Plaintiff did continue to pay the property taxes however, and he alleges that Defendants continued to accept those payments for the Property and otherwise corresponded with him as the owner of the Property (Dkt. 1). Nevertheless, it appears that Defendants consider Carol Laughlin to be the rightful owner of the Property.

---

in 2011 (Case No. 11-119442-CH, O'Brien, J.). Plaintiff's state court action sought to quiet title to the Property in his name. The state court conducted a bench trial on October 10, 2012. Plaintiff did not prevail on his attempt to quiet title in his name, however, he was awarded monetary damages for unjust enrichment, relating to the property taxes that he continued to pay on the Property after title had had transferred to the Laughlins (Dkt. 17, Ex. 5, Pg IDs 287-291). The Michigan Court of Appeals affirmed this judgment (Dkt. 17, Ex. 6, Pg IDs 292-295). The Michigan Supreme Court denied Plaintiff's application for leave to appeal (Dkt. 17, Ex. 8).

[2] A document not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim[.]" *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotes and citation omitted). "[I]f the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett–Packard Co.*, 258 F.Supp.2d 718, 721 (E.D. Mich. 2003). Accordingly, the deeds and Michigan state court orders attached to Defendants' motion for judgment on the pleadings (Dkt. 17, Exs. 2-9) shall be considered part of the pleadings, and the Court's consideration of these documents does not convert a motion for judgment on the pleadings into one for summary judgment. In addition, the register of actions, specifically the failure to record the corrected deed, is publically available in the Oakland County Register of Deeds. The Court may take judicial notice of such publically available information when deciding a motion brought under Fed. R. Civ. P. 12. *See Barany–Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Plaintiff's Complaint raises four claims, all under the auspices of violations of "Due Process." First, Plaintiff alleges that he was never given proper notice of the tax foreclosure sale back in November 1993 (Dkt. 1, Pg IDs 5-6). Second, Plaintiff alleges that he redeemed the tax deficiency on November 16, 1993 (three-days before the foreclosure sale), and that the tax sale should never have gone forward (*Id.* Pg IDs 6-8). Third, Plaintiff claims that Carol Laughlin failed to properly "secure" or "enforce" the tax deed that she received, and the time to do so has now expired (*Id.* Pg IDs 8-9). Finally, Plaintiff alleges that Defendants committed fraud by continuing to accept tax payments from Plaintiff for the Property after the tax sale, and by transferring title to the Property to the Laughlins, despite Plaintiff's alleged payment of the back taxes in 1993 (*Id.* Pg IDs 9-10). Plaintiff's prayer for relief asks the Court to declare that Plaintiff is the rightful owner of the Property and to enter an injunction prohibiting Carol Laughlin from trespassing on the Property. Alternatively, Plaintiff asks for $22,591.20 in money damages for "violating [Plaintiff's] due process rights, and taking away" the Property.

On August 14, 2017, Magistrate Judge Stephanie Dawkins Davis issued a report and recommendation (Dkt. 34), recommending that Defendants C. Hugh Dohany and Andrew Meisner's motion for judgment on the pleadings (Dkt. 17) be granted, that Defendant Susan Slater's motion to dismiss or for summary judgment (Dkt. 25) be granted, and that Plaintiff's motion to add or add parties (Dkt. 26) be denied as moot. More particularly, the Magistrate Judge recommended that Plaintiff's claims are all time-barred by the applicable statutes of limitations.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Dkt. 35) to the report and recommendation. The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* Plaintiff raises six objections (Dkt. 35) to the report and recommendation, which can be summarized as follows: (1) Plaintiff redeemed the Property on November 16, 1993, and Defendants cannot double collect taxes on the Property; (2) Plaintiff should be allowed to add Carol Laughlin as a party; (3) the statute of limitations should not begin to run until 2010-2012, during the pendency of Plaintiff's lawsuit against the Laughlins in the Oakland County Circuit Court; (4) that the Court should review the corrected deed signed by Defendant Dohany, and conclude that Plaintiff redeemed the property in 1994; (5) that the statute of limitations on Plaintiff's claims should not begin to run until 2010-2012, when the Laughlin's "call[ed] the police;" and (6) the statute of limitations on Plaintiff's fraud claim should be tolled due to Defendant Dohany's issuance of a corrected deed transferring the Property back to Plaintiff (from the Laughlins) on December 2, 1994.

The report and recommendation correctly recognized that the statute of limitations is three years for Plaintiff § 1983 due process claims and six years for Plaintiff's fraud claim. Plaintiff's objections in some respects are simply a restatement of the claims in his Complaint; they do not contest the Magistrate Judge's finding that

4

Plaintiff was on notice of these claims back in 1994, when the Property was erroneously deeded to the Laughlins. It thus appears that all of Plaintiff's claims are barred by the statute of limitations – by nearly twenty years. Plaintiff does not cite any authority indicating that the statute of limitations as to his claims against Defendants was somehow tolled, or that it should not have begun to run until he sued the Laughlin's in Michigan state court.

Accordingly, it is hereby **ORDERED** that Magistrate Judge Davis's Report and Recommendation of August 14, 2017 (Dkt. 34) is **ACCEPTED** and **ADOPTED**, and that Plaintiff's objections (Dkt. 35) are **OVERRULED**. It is **FURTHER ORDERED** that Defendants C. Hugh Dohany and Andrew Meisner's motion for judgment on the pleadings (Dkt. 17) is **GRANTED**, that Defendant Susan Slater's motion to dismiss or for summary judgment (Dkt. 25) is **GRANTED**, and that Plaintiff's motion to add or add parties (Dkt. 26) is **DENIED AS MOOT**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: September 15, 2017            s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on September 15, 2017, using the CM/ECF system, which will send notification to all parties.

           s/A. Chubb
Case Manager